Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARK ROBERT BONINE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MARK ROBERT BONINE, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company; HUNT & HENRIQUES, a general partnership; MICHAEL SCOTT HUNT, individually and in his official capacity; JANALIE ANN HENRIQUES, individually and in her official capacity; ANITA HARRIS SINGH, individually and in her official capacity; <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> 15 United States Code § 1692 *et seq.* <br> California Civil Code § 1788 *et seq.* |

Plaintiff, MARK ROBERT BONINE, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.   This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in

abusive, deceptive and unfair practices.

2.   According to 15 U.S.C. § 1692:

a.   There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   Plaintiff also seeks actual damages, statutory damages, statutory penalties, attorney fees and costs for Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC's, violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.

4.   The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.   Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II.  JURISDICTION

5.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

7.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

8.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

9.   Plaintiff, MARK ROBERT BONINE (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

---

[1]  Cal. Civil Code § 1788.1(a)(1).

1        10.   Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO"), is

2   a Delaware limited liability company engaged in the business of collecting defaulted consumer debts in

3   this state with its principal place of business located at: 120 Corporate Boulevard, Suite 100, Norfolk,

4   Virginia 23502. PORTFOLIO may be served as follows: Portfolio Recovery Associates, LLC, c/o

5   National Registered Agents Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. The

6   principal business of PORTFOLIO is the collection of defaulted consumer debts using the mails and

7   telephone and PORTFOLIO regularly attempts to collect defaulted consumer debts alleged to be

8   originally due another. PORTFOLIO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

9   and Cal. Civil Code § 1788.2(c). Plaintiff is informed, believes and thereon alleges, that PORTFOLIO

10  is vicariously liable to Plaintiff for the acts of Defendants, HUNT & HENRIQUES, MICHAEL SCOTT

11  HUNT, JANALIE ANN HENRIQUES, and ANITA HARRIS SINGH.[2]

12       11.   Defendant, HUNT & HENRIQUES (hereinafter "H&H"), is a general partnership

13  engaged in the business of collecting defaulted consumer debts in this state with its principal place of

14  business located at: 151 Bernal Road, Suite 8, San Jose, California  95119-1306.  H&H may be served

15  as follows: Hunt & Henriques, c/o Michael Scott Hunt, General Partner, 151 Bernal Road, Suite 8, San

16  Jose, California 95119-1306 and as follows: Hunt & Henriques, c/o Janalie Ann Henriques, General

17  Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306. The principal business of H&H is

18  the collection of defaulted consumer debts using the mails and telephone, and H&H regularly attempts

19  to collect defaulted consumer debts alleged to be due another.  H&H is a "debt collector" within the

20  meaning of 15 U.S.C. § 1692a(6).

---

[2]  See, *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf");  *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken");  *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

12.    Defendant, MICHAEL SCOTT HUNT (hereinafter "HUNT"), is a natural person and licensed attorney in the state of California, and is or was a general partner of H&H at all relevant times.  HUNT may be served at his current business address at: Michael Scott Hunt, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306.   The principal purpose of HUNT's business is the collection of defaulted consumer debts due or alleged to be due another.   HUNT is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  HUNT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that HUNT is liable for the acts of H&H because he is a general partner of H&H, he sets and approves H&H's collection policies, practices, procedures, and he directed and participated in the unlawful activities described herein.

13.    Defendant, JANALIE ANN HENRIQUES (hereinafter "HENRIQUES"), is a natural person and licensed attorney in the state of California, and is or was a general partner of H&H at all relevant times.   HENRIQUES may be served at her current business address at: Janalie Ann Henriques, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306.   The principal purpose of HENRIQUES' business is the collection of defaulted consumer debts due or alleged to be due another.  HENRIQUES is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. HENRIQUES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that HENRIQUES is liable for the acts of H&H because she is a general partner of H&H, she sets and approves H&H's collection policies, practices, procedures, and

she directed and participated in the unlawful activities described herein.

14.     Defendant, ANITA HARRIS SINGH (hereinafter "SINGH"), is a natural person and licensed attorney in the state of California, and is or was an employee and/or agent of H&H at all relevant times.  SINGH may be served at her current business address at: Anita Harris Singh, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306.  The principal purpose of SINGH's business is the collection of defaulted consumer debts due or alleged to be due another.  SINGH is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  SINGH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that SINGH is liable to Plaintiff because she directed and participated in the unlawful activities described herein.

15.     At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## VI.  FACTUAL ALLEGATIONS

16.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by HSBC Bank Nevada, N.A. (hereinafter "the debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil

1    Code § 1788.2(f).

2          17.    Thereafter, Plaintiff experienced financial hardship and was unable to repay the

3    debt owed to HSBC Bank Nevada, N.A., in full.  Sometime during September or October of 2009,

4    Plaintiff was contacted by an agent of HSBC Bank Nevada, N.A., and offered a settlement of the debt.

5    Pursuant to the terms of HSBC Bank Nevada, N.A.'s settlement offer to Plaintiff, on or about October

6    20, 2009, Plaintiff tendered to HSBC Bank Nevada, N.A., the agreed-upon settlement funds.

7    Thereafter, Plaintiff considered the debt as settled and resolved.  No further payments were made by

8    Plaintiff on the debt after October 20, 2009.

9          18.    Thereafter, on or about December 4, 2013, Defendants filed a lawsuit against

10   Plaintiff in the Superior Court of California, County of Santa Clara, captioned *Portfolio Recovery*

11   *Associates, LLC v. Mark R. Bonine, et al.*, Case No. 1-13-CV-257182 (hereinafter the "*Portfolio v.*

12   *Bonine* complaint"), which sought to collect $4,852.06 in damages from Plaintiff.

13         19.    A true and accurate copy of the *Portfolio v. Bonine* complaint is attached hereto,

14   marked Exhibit "1," and by this reference is incorporated herein.

15         20.    The California statute of limitations to recover on a debt is four years from the

16   date of the last item on the account.[3]

17         21.    Plaintiff is informed and believes, and thereon alleges that the last charge on the

18   debt was made by Plaintiff before December 3, 2009.

19         22.    Plaintiff is informed and believes, and thereon alleges that the last payment on the

20   debt was received by HSBC Bank Nevada, N.A., prior to December 3, 2009.

21         23.    HSBC Bank Nevada, N.A.'s claims against Plaintiff accrued more than four years

22   prior to the filing of the *Portfolio v. Bonine* complaint (Exhibit "1").  "A debt collector violates the

---

[3]  Cal. Code of Civil Procedure §§ 337 and 337a.

FDCPA by using the courts to attempt to collect a time-barred debt."[4]

24.   The *Portfolio v. Bonine* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

25.   As a result of the *Portfolio v. Bonine* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense; thereby, incurring actual damages in the form of attorney fees and costs.[5]

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26.   Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

28.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29.   Defendant, PORTFOLIO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.   Defendant, H&H, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.   Defendant, HUNT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[4]   *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).
[5]   See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

32.    Defendant, HENRIQUES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.    Defendant, SINGH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

35.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.    Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.    Defendants attempted to collect a settled – and therefore nonexistent – debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

d.    Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692f(1).

36.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

37.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38.    Plaintiff brings the second claim for relief against Defendant, PORTFOLIO, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

39.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

40.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

41.    Defendant, PORTFOLIO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

43.    Defendant, PORTFOLIO, has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.    PORTFOLIO made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[6]

b.    PORTFOLIO misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[7]

c.    PORTFOLIO attempted to collect a settled – and therefore nonexistent – debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[8] and

d.    PORTFOLIO attempted to collect a consumer debt that was known by

---

[6]  15 U.S.C. §§ 1692e and 1692e(10).
[7]  15 U.S.C. § 1692e(2)(A).
[8]  15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

PORTFOLIO to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[9]

44.     Defendant, PORTFOLIO's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

45.     As a result of PORTFOLIO's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

46.     As a result of PORTFOLIO's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

47.     As a result of PORTFOLIO's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[10]

48.     As a result of PORTFOLIO's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

49.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

---

[9]   15 U.S.C. §§ 1692d, 1692e and 1692f.
[10]  15 U.S.C. § 1692k(a)(2)(A).
[11]  15 U.S.C. § 1692k(a)(3).

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);

c)  Declare that Defendant, PORTFOLIO, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c); and

i)  Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[12]  15 U.S.C. § 1692k(a)(2)(A).
[13]  15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARK ROBERT BONINE

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARK ROBERT BONINE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.